The Honorable B. J. Marsh Representative, District 136 State Capitol Building, Room 103B-C Jefferson City, Missouri 65101
Dear Representative Marsh:
This opinion is in response to your question asking:
 Is a sailboard a watercraft as defined in M.S. 306.010-5 6; and does the flotation device requirement as described in M.S. 306.100-7 8 apply to sailboards?
Subsections 7 and 8 of Section 306.100, RSMo Supp. 1990, provide:
 306.100. Classification of vessels — equipment requirements. —
* * *
 7. Every vessel, except those in class A, shall have on board at least one wearable personal flotation device of type I, II or III for each person on board and each person being towed who is not wearing one. Every such vessel shall also have on board at least one type IV throwable personal flotation device.
 8. All class A motorboats and all watercraft traveling on the waters of this state shall have on board at least one type I, II, III or IV personal flotation device for each person on board and each person being towed who is not wearing one.
* * *
Subsections 7 and 8 of Section 306.010, RSMo Supp. 1990,[1] provide:
 306.010. Definitions. — As used in this chapter the following terms are construed to have the following meanings, except in those instances where the context clearly indicates otherwise:
* * *
 (7) "Vessel", every motorboat and every description of motorized watercraft, and any watercraft more than twelve feet in length which is powered by sail alone or by a combination of sail and machinery, used or capable of being used as a means of transportation on water, but not any watercraft having as the only means of propulsion a paddle or oars;
 (8) "Watercraft", any boat or craft, including a vessel, used or capable of being used as a means of transport on waters;
* * *
Subsections 7 and 8 of Section 306.100 require personal flotation devices on board certain types of vessels and watercrafts. The definition of "vessel" in subsection 7 of Section 306.010 includes "any watercraft more than twelve feet in length which is powered by sail alone . . . used or capableof being used as a means of transportation on water."
[Emphasis added.] Subsection 8 of Section 306.010 likewise includes any boat or craft "used or capable of being used as ameans of transport on waters." [Emphasis added.] If a sailboard is not "used or capable of being used as a means of transport(ation) on water(s)," then a sailboard is not a "vessel" and not a "watercraft" and no personal flotation device is required. Therefore, the first issue to be considered is whether a sailboard is "used or capable of being used as a means of transport(ation) on water(s)."
The Michigan Court of Appeals in People v. King,151 Mich. App. 723, 391 N.W.2d 462 (1986), concluded a sailboard was not a "vessel" under the Michigan statute defining a "vessel" to include a requirement of "used or capable of being used as a means of transportation on water." The Michigan Court described a sailboard as follows:
 A sailboard, sometimes also referred to as a windsurfer, is basically a surfboard with a triangular sail on a swivel mounted mast. . . . The operator, standing on the board, pilots the device through the trim of the hand-held sail and distribution of body weight on the surfboard.
Id. at 462.
In discussing whether a sailboard was within the statutory definition of "vessel" the Michigan Court stated:
The act further defines "vessel" as follows:
 "`Vessel' means every description of watercraft, other than a seaplane on the water, used or capable of being used as a means of transportation on water." M.G.L. § 281.1006(b); M.S.A. § 18.1287(6)(b).
 Thus, to come within the scope of 1979 AC, R 281.1248, a sailboard must meet the above definition of "vessel", i.e., it must be "used or capable of being used as a means of transportation on water".
 In People v. Heiple, 133 Ill. App.3d 583, 88 Ill. Dec. 662, 478 N.E.2d 1388 (1985), the Appellate Court of Illinois was faced with an issue almost identical to that presently before us. In Heiple,
the defendant was cited for sailboarding without a PFD aboard pursuant to a section of the Illinois Boat Registration and Safety Act making it "unlawful to operate any watercraft less than 16 feet in length . . . unless at least one Coast Guard approved PFD . . . is on board for each person. . . ." Under the Illinois act, the terms "watercraft" and "vessel" are used interchangeably. Both are given a definition identical to Michigan's above-quoted definition of "vessel". After considering the definition, the Heiple court held that a sailboard is not a "vessel" or "watercraft" within the meaning of the Illinois act, so that an operator need not wear or have attached to the sailboard a PFD. In reaching this conclusion, the court stated:
 "It has been held that everything that floats is not a `vessel.' (Powers v. Bethlehem Steel Corp. (1st Cir. 1973), 477 F.2d 643, 647, n. 4.) In that case a raft was held not to be a `vessel'. Other courts have held as a matter of law that certain structures are not `vessels.' (Leonard v Exxon Corp. (5th Cir. 1978), 581 F.2d 522; Cook v. Belden Concrete Products, Inc., (5th Cir. 1973), 472 F.2d 999) See also Annot., When Is Vessel in Navigation for Purposes of Jones Act
(46 U.S.C. § 688), (1970), 5 A.L.R. Fed. 674.
 "Unless a rule of reason is applied, the definition is limited only by one's imagination. One court observed, `No doubt the three men in a tube would also fit within [that definition] . . . and one probably could make a convincing case for Jonah inside the whale.' (Burks v. American River Transportation Co. (5th Cir. 1982), 679 F.2d 69, 75.) To which query we would add: How about a pontoon bridge? Or a log? Or a personal flotation device itself? Seemingly, by dog paddling with one, a person could transport himself.
 "In our opinion a rule of reason must apply. A windsurfer may be used as a means of transportation on water, but it is not commonly so used. In the same sense, it may be capable of being used as a means of transportation on water, but it is not commonly done. A windsurfer is not a `vessel' or `watercraft' within the definition of the Act as a matter of law. Powers." 478 N.E.2d 1390-1391. (Emphasis in original.)
 Similarly, the U.S. Coast Guard has commented that "[t]hrough the use of many thousand sailboards by both experienced and inexperienced sailboarders, it has become apparent that sailboarding has become a sport, similar to surfing or skiing and that sailboards are not normally being used as a means for transportation". 46 Fed.Reg. 42289. Thus, the Coast Guard has decided for regulatory purposes to treat sailboards in a manner similar to water sport items such as inner tubes, inflatable air mattresses, float boards, and surfboards rather than "vessels" subject to regulation under the Federal Boat Safety Act of 1971, 46 U.S.C. § 1451 et seq. Id.
 We find the reasoning of the Heiple court and the Coast Guard compelling and adopt it as our own. Although a sailboard is "capable of being used as a means of transportation on water" in the broadest sense of that phrase and hence meets the definition of "vessel" in the act, we too apply a rule of reason and conclude that a sailboard is not a "vessel" and not subject to the present administrative rules for associated equipment on a "vessel".
Id. at 453-464.
The Michigan Court further considered the issue of safety. In considering the safety issue, the Michigan Court stated:
 We recognize that the Marine Safety Act was enacted to promote the safe use of Michigan's waters. We assume that the purpose of 1979 AC, R 281.1248 is to protect persons on board a sailboat against loss of life through drowning. We do not believe that our holding in this case runs afoul of these purposes. A sailboard is clearly different in nature from a sailboat and lacks the characteristics of a sailboat which create the safety hazard that the PFD required by the rule was intended to remedy. Unlike a sailboat, a sailboard cannot sail away when its operator falls off. Further, because the board itself is filled with a closed cell foam, it cannot sink even if broken apart. In fact, a sailboard itself functions as a PFD. . . . Moreover, sailboarding is a water sport, such as surfing or waterskiing, in which the operator is generally prepared to be in the water. . . . As a practical matter, there is no place on a sailboard to secure a PFD "ready at hand". If the sailboarder must wear a PFD, a greater safety hazard could result. . . . A sailboard's mast is not supported by stays and will drop in the water when released. Sailboarders maintain that, in the surf, wearing a PFD would likely prevent a fallen sailboarder from being able to dive below the surface to escape being battered by his falling equipment. . . . Given these unique characteristics of sailboards, in our opinion the overall purpose of the Marine Safety Act and the equipment rules promulgated pursuant thereto would not be enhanced by interpreting "sailboat" to include sailboards.
Id. at 464
Following the reasoning in People v. King, supra, and the Illinois case cited therein, we conclude that a sailboard does not meet the statutory requirement of "used or capable of being used as a means of transport(ation) on water(s)." Therefore, a sailboard is not a "vessel" or "watercraft" as defined in Section 306.010, and Section 306.100 does not require a personal flotation device when using a sailboard.
CONCLUSION
It is the opinion of this office that a sailboard is not a "vessel" or "watercraft" as defined in Section 306.010, RSMo Supp. 1990, and Section 306.100, RSMo Supp. 1990, does not require a personal flotation device when using a sailboard.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Your question refers to subsections 5 and 6 of Section306.010, RSMo. Subsections 5 and 6 of Section 306.010, RSMo 1986, contained the definitions of "vessel" and "watercraft"; however, as a result of statutory amendments in 1989, "vessel" and "watercraft" are now defined in subsections 7 and 8 of Section 306.010, RSMo Supp. 1990.